IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRANCH BANKING & TRUST COMPANY, :
: Case No. 1:07-mc-00219 (UNA)
        Plaintiff, :
v. :
:
HUDSON RIVER PARTNERS, L.P. *et al.*, :
:
        Defendants. :

## NOTICE OF SERVICE OF SUBPOENA

**TO:** Alan Stuart Feld
BULMAN, DUNIE, BURKE & FELD, CHARTERED
4610 Elm Street
Bethesda, MD 20815

Please take notice that on January 2, 2008, Branch Banking & Trust Company served a subpoena *duces tecum* on Wilmington Trust Company in aid of enforcement of its judgment against Hudson River Partners, L.P., Hudson River Partners, Inc. HRP Finance Corporation and Douglas P. Bennett. A copy of the subpoena is attached.

                                              WILSON, ELSER, MOSKOWITZ,
                                              EDELMAN & DICKER LLP

                        BY: _____
                                Megan Harper, Esquire
                                Attorney I.D. No. 4103
                                The Curtis Center, Suite 1130 East
                                Independence Square West
                                Philadelphia, PA  19106
                                (215) 627-6900
                                Attorney for Branch Banking & Trust
                                Company

Dated: January 3, 2008

283669.1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BRANCH BANKING & TRUST COMPANY,<br>        Plaintiff<br>v.<br><br>HUDSON RIVER PARTNERS, L.P. *et al.*,<br>        Defendants. | SUBPOENA IN A CIVIL CASE<br><br>Case No. 1:07-mc-00219 (UNA) |

TO: Wilmington Trust Company
Rodney Square North
1100 Market Street
Wilmington, DE 19890

\_\_ **YOU ARE COMMANDED** to at the place, date and time specified below to testify in the above case.

| Place of Testimony | : Courtroom |
|---|---|
| | : Date and Time |

\_\_ **YOU ARE COMMANDED** to at the place, date and time specified below to testify at the taking of a deposition in the above case.

| Place of Testimony | : Date and Time |
|---|---|
| | |

X **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): Documents identified in Schedule "A" attached hereto.

| Place<br>Wilson, Elser, Moskowitz, Edelman<br>& Dicker<br>The Curtis Center Suite 1130 East<br>Independence Mall West<br>Philadelphia PA 19106 | Date and Time<br><br>January 21, 2008 @ 10:00 AM |
|---|---|

Issuing Officer Signature and Title (Attorney for Defendant)    Date: 1/3/08

Megan N. Harper, Esquire, The Curtis Center Suite 1130 East, Independence Mall West, Phila PA 19103
215-627-6900

Issuing Officer' Name, Address and Phone Number

283673.1

|  | PROOF OF SERVICE | |
|---|---|---|
|  | DATE | PLACE |
| SERVED | 1/2/08 | 1100 N. MARKET STREET WILMINGTON, DE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| WILMINGTON TRUST COMPANY | | ACCEPTED BY   KATHY LUNDY |
| SERVED BY (PRINT NAME) | | TITLE |
| KEVIN S. DUNN | | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     1/2/08
                  DATE

SIGNATURE OF SERVER
BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

## SCHEDULE A

On April 20, 2007, Branch Banking & Trust Company, as plaintiff, obtained a judgment against Hudson River Partners, L.P., Hudson River Partners, Inc., HRP Finance Corporation and Douglas P. Bennett, as defendants, in a civil action in the United States District Court for the District of Columbia. The judgment, in the amount of $721,012.86 plus interest accruing from February 13, 2006 until the date paid at the *per diem* rate of $180.74, remains due and unpaid. The judgment has been registered in the United States District Court for the District of Delaware and has been assigned Case No. 01:07-mc-00219 (UMA). Branch Banking & Trust Company issues this subpoena in aid of enforcement of the judgment.

### **DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1. "And" and "or" include both the conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of a singular form of any word includes the plural, and vice-versa.

2. "Document" or "documents" are used in their broadest sense, to the full extent permitted by the Federal Rules of Civil Procedure to mean, without limitation, any tangible recording, however made, of information, data, or communications. By way of illustration only and not by way of limitation, "document" includes each original (or an identical copy if the original is not available) and each non-identical copy of the following: notes; correspondence; papers; communications of any nature; telegrams; telexes; memoranda; facsimiles; materials stored electronically but not printed; electronic mail messages; notebooks of any character; summaries or records of personal conversations; diaries and calendars; routing slips or memoranda; reports; publications; books; photographs; films; videotapes; sketches; drawings; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications or revisions thereof, and reports or summaries of negotiations; court papers; brochures; promotional literature; pamphlets; press releases; instructions; financial statements (audited or unaudited); confirmations of purchases or sales; bills; checks; statements or security transactions; revisions and drafts of any documents; any tape recording; records; any computer databases, including but not limited to word processing and images stored on disks; tapes or other storage medium; and any other data compilations. Each non-identical copy or any sheet or side thereof, bearing any marks, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for a separate document for purposes hereof. This definition should not be deemed to call for identical copies of documents.

3. "Relating to" describes the connection between a document and certain subject matter. The term means constituting, evidencing, memorializing, describing, summarizing,

283673.1

reflecting, referring to, pertaining to, or purporting to evidence, memorialize, describe, summarize, reflect, or otherwise relate to, in whole or in part, the subject matter referred to in the request. It encompasses all relevant connections of any kind, and, without limitation, requires production of all documents which contain explicit and implicit references to subject matter or which are discussions, opinions, studies, notes and/or other comments about, or contain any information regarding, the subject matter and/or other documents which refer to relate to the subject matter.

4. Concerning, Relating to, Referring to, Arising out of. The terms "concerning," "relating to," "referring to," and "arising out of" and their cognates are to be understood in their broadest sense and each means constituting, identifying, evidencing, summarizing, commenting upon, referring or relating to or arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing or comprising the subject matter identified.

5. "Judgment Debtor" means Hudson River Partners, L.P., Hudson River Partners, Inc., HRP Finance Corporation and/or Douglas P. Bennett.

6. Identify. "Identify," when referring to a person, means to provide the person's (i) full name, (ii) business address, and (iii) residence address if a natural person. "Identify," when referring to an entity, means to provide the entity's (i) full name and (ii) business address. "Identify," when referring to an account, means to provide (i) the bank in which the account is located, (ii) the holder of the account, and (iii) the account number. "Identify," when referring to an advance, means to provide (i) the date of the advance, (ii) the Provider receiving the advance, and (iii) the amount advanced.

7. Including. The term "including" shall not be construed to limit the scope of any Interrogatory.

8. Person. The term "person" includes any natural person or group of natural persons, and any partnership, proprietorship, limited liability company, joint venture, association, corporation, firm, agency, board, authority, organization, body, committee, commission, state, local, or federal government or any subdivision, instrumentality or agency thereof, and any other form of entity.

9. "You" and "Your" mean Wilmington Trust Company, its affiliates and subsidiaries.

## GENERAL INSTRUCTIONS

1. You are to produce the requested documents either as they are kept in the ordinary course of business or organized and labeled to correspond with the categories in these requests.

283673.1

2.  You are required, in responding to these requests, to obtain and furnish all documents available to you and any of your representatives, officers, directors, executives, partners, trustees, employees, agents, servants, attorneys or accountants and all documents that are in your possession, custody or control, or in the possession, custody or control of any of your present and former representatives, officers, directors, executives, partners, trustees, employees, agents, servants, attorneys or accountants.

3.  Any requests propounded in the disjunctive shall also be read as if propounded in the conjunctive and vice versa. Any request propounded in the singular shall also be read as if propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

4.  If a request seeks documents supporting a particular allegation or contention, provide all documents known to you at the present time, to be supplemented as further documents become identified.

5.  If any document is withheld under any claim of privilege, including without limitation, the work product doctrine or attorney-client privilege, your answer should provide the following with respect to such information:

   a.  the date of the document;
   b.  the names of its author(s) or preparer(s) and an identification by employment and title of each such person;
   c.  the name of each person who was sent or furnished with, received, viewed or has had custody of the document or a copy thereof together with an identification of each such person;
   d.  the subject matter of the document;
   e.  the type of privilege asserted;
   f.  the basis for the assertion of privilege; and
   g.  the paragraph of this request to which the document relates.

6.  If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

7.  If any document responsive to these requests is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

   a.  a description of the document, including the date, a summary of its contents and the identity of its author and the person to

283673.1

          whom it was sent or shown;

b.    the last known custodian;

c.    whether the document is missing or lost or was destroyed or discarded;

d.    the date of loss, destruction or discard;

e.    the manner of destruction or discard;

f.    the reasons for destruction or discard;

g.    the persons authorizing or carrying out such destruction or discard; and

h.    the efforts made to locate lost or misplaced documents.

8. Any reference to any corporation, partnership, association or entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants and all other persons acting or purporting to act on behalf of such corporation, partnership, association or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, departments, predecessors and/or successors-in-interest.

***9.*** Unless otherwise specified, these requests seek documents for the period ***January 2004 to the present.***

10. These requests are continuing in nature and it is requested that you serve supplementary responses should additional responsive information or documents become known to you after service of your responses. Supplemental responses should be served within twenty (20) days after such information or documents become known to you.

## **DOCUMENTS REQUESTED**

1. All documents relating to the account statements of any Judgment Debtor.

2. All documents relating to the daily activity reports of any Judgment Debtor.

3. All documents relating to the wire transfer instructions for any Judgment Debtor or Judgment Debtor account.

4. All documents that reflect a transfer of funds beween any Judgment Debtor or Judgment Debtor account.

5. All disbursement reports relating to any Judgment Debtor or Judgment Debtor account to include identifying the beneficiary, the bank, and the corresponding account numbers.

283673.1

6. All receipt reports relating to any Judgment Debtor or Judgment Debtor account to include identifying the sending party as well as the corresponding account numbers.

7. All documents relating to the account statements The Thayer Hotel, Fisher Hotels West Point Management Corp. and/or Fisher Hotels Group, Inc. which reflect transactions related to any Judgment Debtor or Judgment Debtor account.

8. All documents relating to the daily activity reports of The Thayer Hotel, Fisher Hotels West Point Management Corp. and/or Fisher Hotels Group, Inc. which reflect transactions related to any Judgment Debtor or Judgment Debtor account within the last four (4) years.

9. All documents relating to the wire transfer instructions for The Thayer Hotel, Fisher Hotels West Point Management Corp. and/or Fisher Hotels Group which reflect transactions related to any Judgment Debtor or Judgment Debtor account.

10. All documents that reflect a transfer of funds beween The Thayer Hotel, Fisher Hotels West Point Management Corp. and/or Fisher Hotels Group and any Judgment Debtor or Judgment Debtor account.

11. All disbursement reports relating to The Thayer Hotel, Fisher Hotels West Point Management Corp. and/or Fisher Hotels Group which reflect transactions related to any Judgment Debtor or Judgment Debtor account.

12. All receipt reports relating to The Thayer Hotel, Fisher Hotels West Point Management Corp. and/or Fisher Hotels Group which reflect transactions related to any Judgment Debtor or Judgment Debtor account.

13. All documents relating to any loan agreement between You and any Judgment Debtor.

14. All documents relating to any UCC 1 financing statement pertaining to any Judgment Debtor.

15. All documents relating to any security agreement pertaining to any Judgment Debtor.

16. All documents relating to any trust agreement with any Judgment Debtor.

17. Any and all other documents pertaining to any Judgment Debtor or Fisher Hotels West Point Management Corp. and/or Fisher Hotels Group on behalf of the Thayer Hotel.

18. Any and all other documents pertaining to any Judgment Debtor or Judgment Debtor account.

283673.1